**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| SHELLY SHEVLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-2076-NJR-RJD |
| ) | |
| BRUCE RAUNER, RANDALL ) | |
| BLANKENHORN, BRUCE HARMENING, ) | |
| and MATT MAGALIS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT HARMENING'S ANSWER TO AMENDED COMPLAINT**

Defendant BRUCE HARMENING, by and through his attorney, Kwame Raoul, Attorney General for the State of Illinois, submits his answer to Plaintiff's Amended Complaint [Doc. 14], stating as follows:

1. Plaintiff is a resident of Freeburg, St. Clair County, Illinois and was an employee of the Illinois Department of Transportation (sometimes referred to as "IDOT").

**ANSWER: Defendant admits the allegations in this paragraph.**

2. At all times relevant, Defendant Bruce Rauner was the Governor of the State of Illinois. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning the compensatory damages in this cause.

**ANSWER: Defendant admits the allegations in this paragraph.**

3. In November 2014, Defendant Rauner was elected as Governor of Illinois and was sworn into office in January 2015. He is affiliated with the Republican party. Prior to his election, the preceding governor was affiliated with the Democratic party.

**ANSWER: Defendant admits the allegations in this paragraph.**

4. Defendant Rauner made comments that expressed his political animus to those individuals who supported Democrats.

**ANSWER: Defendant admits the allegations in this paragraph.**

5. At all times relevant to her Complaint, Defendant Randall Blackenhorn, was the Secretary of Transportation of the State of Illinois. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning the compensatory damages in this cause.

**ANSWER: Defendant admits the allegations in this paragraph.**

6. Defendant, Matt Magalis, is the Chief of Staff for IDOT. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning the compensatory damages in this cause.

**ANSWER: Defendant admits the allegations in this paragraph.**

7. At all times relevant to her complaint, Defendant Bruce Harmening, was the Bureau Chief and/or the Investigations and Compliance Chief for IDOT. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning the compensatory damages in this cause.

**ANSWER: Defendants admits he was the Bureau Chief and Investigations and Compliance Chief for IDOT during the relevant timeframe. Defendant denies this paragraph states a complete and accurate description of his job titles and responsibilities during the relevant timeframe. Defendant denies any wrongful conduct, denies violating Plaintiff's constitutional rights, and denies Plaintiff is entitled to any relief. Defendant admits the remaining allegations in this paragraph.**

8. This Court has original jurisdiction of this civil action in that the claims of this Complaint arise under the laws of both the State of Illinois and of the United States.

**ANSWER: Defendant denies this Court has original jurisdiction to the extent the statute of limitations has expired for Plaintiff's claim, as asserted in Defendant's affirmative defenses.**

9. The Constitution of the United States provides in relevant part as follows:

> Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Constitution of the United States, Amendment I.

and

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Constitution of the United States, Amendment XIV, Section 1

**ANSWER: Defendant admits the allegations in this paragraph.**

10. At all times relevant to the matters stated in this Complaint, there was in force and effect a federal law known as the Civil Rights Act of 1871 which provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983

**ANSWER: Defendant admits the allegations in this paragraph.**

## COUNT I
### (Wrongful Termination Against Harmening)

11. Plaintiff re-alleges and incorporates her Paragraphs 1-10 as her Paragraph 11 of Count I.

**ANSWER: Defendant restates and incorporates his answers to Paragraphs 1 through 10.**

12. Plaintiff began her employment with IDOT in February 2008 as a Human Resources Manager-Technical V and served in that role until her wrongful termination on or about September 20, 2016.

**ANSWER: Defendant denies Plaintiff's termination was wrongful. Defendant admits the remaining allegations in this paragraph.**

13. Prior to being hired in the aforementioned position, Plaintiff underwent the normal application and job interview process, she was not appointed by any political official.

**ANSWER: Defendant admits the allegations in this paragraph.**

14. At all times relevant, Plaintiff was a *Rutan* covered employee and subject to the protections afforded her under Administrative Orders 1 and 2.

**ANSWER: Defendant admits the allegations in this paragraph.**

15. As a *Rutan* covered employee, Plaintiff was protected from adverse employment actions based on her political affiliations, or lack thereof.

**ANSWER: Defendant admits the allegations in this paragraph.**

16. On or about September 20, 2016, Plaintiff was wrongfully terminated from her position with IDOT for conducting a *Rutan* interview while allegedly having a conflict of interest, allegedly unprofessional conduct, and an alleged ethics violation.

**ANSWER: Defendant admits Plaintiff's personnel records indicate she was terminated from IDOT effective September 16, 2016, for Failure to Follow Procedures,**

**Unprofessionalism, Conflict of Interest, and Ethics Violation. Defendant denies the remaining allegations in this paragraph.**

17. These allegations and the reasons for Plaintiff's termination were a pre-text for violating her free speech rights, rights of free association, right to due process, and her rights as a *Rutan* covered employee of the State of Illinois in that any preferential or adverse employment decisions or consequences are barred under *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990), the Illinois Constitution and the United States Constitution.

**ANSWER: Defendant denies the allegations in this paragraph.**

18. Defendant Harmening falsely stated to the Office of Executive Inspector General (OEIG) that Plaintiff interviewed her superior for a *Rutan* covered position which amounted to a violation of the conflict of interest rules under Administrative Order 2, when in fact, Defendant Harmening, as well as all other investigators and IDOT administrators, knew that the allegations and assertions were blatantly false.

**ANSWER: Defendant denies this paragraph states a complete and accurate summary of Defendant's interview with the OEIG, and denies the allegations in this paragraph.**

19. During the investigation of the allegations lodged against Plaintiff, Harmening, among others knew or should have known that the interviewee was not Plaintiff's supervisor, nor had he ever been.

**ANSWER: Defendant admits the allegations in this paragraph.**

20. The investigators and IDOT administrators further alleged that Plaintiff conducted a *Rutan* interview with someone for whom she supported politically without any independent evidence of this fact.

**ANSWER: Defendant denies the allegations in this paragraph to the extent they are directed to him. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.**

21. Plaintiff presented evidence that not only she, but also her direct supervisor as well as the interview candidate, another IDOT employee, were supporters of former Governor Quinn, a Democrat, and rival of Governor Rauner and his administration.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.**

22. Despite Plaintiff's rebuttal of the allegations against her, Defendant Harmening terminated Plaintiff from her *Rutan* protected position.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about what rebuttals Plaintiff's presented. Defendant denies the remaining allegations in this paragraph.**

23. Plaintiff's immediate supervisor, Ross Breckenridge, stated to investigators from the OEIG that it was Plaintiff's job to conduct the interview at issue and that she had "years of experience" conducting *Rutan* interviews.

**ANSWER: Defendant admits that according to the report of Ross Breckenridge's interview with the OEIG, Breckenridge stated to OEIG investigators that he considered it part of Plaintiff's human resources duties to conduct interviews and that she had years of experience conducting *Rutan* interviews. Defendant denies this paragraph states a complete and accurate summary of Breckenridge's interview.**

24. IDOT Personnel Administration Section Manager, Becky Koehler, stated to investigators from the OEIG that Plaintiff properly completed the Affidavit of Disclosure prior to conducting the job interview at issue.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.**

25. In a similar case, Laura Campbell, a Republican, who interviewed her next-door neighbor and longtime personal friend for an IDOT position, Campbell was given a 30-day suspension, despite being found to have:

    a. Violated the IDOT policy with regard to conflicts of interest; and

    b. Making material false statements during her interview.

**ANSWER: Defendant denies this paragraph states a complete and accurate summary of the reasons for Campbell's 30-day suspension. Defendant admits the remaining allegations in this paragraph.**

26. Despite these findings in the Campbell case, she was suspended for 30 days while Plaintiff was terminated.

**ANSWER: Defendant denies the findings stated in Paragraph 25 are a complete and accurate summary of the reasons for Campbell's 30-day suspension. Defendant admits the remaining allegations in this paragraph.**

27. The real reason for the termination of Plaintiff is that she was employed by prior administrations (under then Governors Rod Blagojevich and Patrick Quinn, who were members of the Democratic Party) or that she refused to become affiliated with the Rauner Administration.

**ANSWER: Defendant denies the allegations in this paragraph.**

28. As a consequence of one or more of the foregoing acts of the Defendants, Plaintiff has lost her employment, insurance, pension, and other benefits of her employment.

**ANSWER: Defendant denies the allegations in this paragraph.**

29. The actions of the Defendants as alleged above violates the rights of Plaintiff in the free exercise of political speech and free association guaranteed under the First Amendment to the Constitution of the United States.

**ANSWER: Defendant denies the allegations in this paragraph.**

30. The conduct of the Defendants as alleged above violates rights of the Plaintiff that were protected under clearly established laws at the time of the participation in the scheme.

**ANSWER: Defendant denies the allegations in this paragraph.**

31. The conduct of the Defendants was willful and deliberate in the attempt to deprive Plaintiff of her employment in retaliation for not being supporters of Governor Rauner and the Republican Party.

**ANSWER: Defendant denies the allegations in this paragraph.**

32. This Court should enter an injunction prohibiting the Defendants from wrongfully removing Plaintiff from her employment in violation of the Constitutional protections of free speech and free association.

**ANSWER: Defendant denies the allegations in this paragraph and denies Plaintiff is entitled to any relief.**

WHEREFORE, Plaintiff prays that judgment be entered for her for compensation for the deprivation of her civil rights in this cause for their past losses of employment including lost salaries and benefits. In addition, Plaintiff prays that this Court will grant a permanent injunction prohibiting Defendants from removing Plaintiff from her employment and ordering them to reinstate her employment with full restoration of seniority, credit for continuous service, and restoration of all pension, insurance or other benefits of employment together with and injunction prohibiting Defendants from taking any other action in retaliation for the Plaintiff's protection of her civil rights in this cause. Further, Plaintiff respectfully prays that the Court award to her reasonable attorney's fees and costs incurred in this cause, and for such other relief as this Court deems just.

**ANSWER: Defendant denies the allegations in this paragraph, denies any wrongful conduct, denies violating Plaintiff's constitutional rights, and denies Plaintiff is entitled to any relief.**

## COUNT II
### (Wrongful Termination Against Rauner)

On March 29, 2019, Defendants Rauner, Blankenhorn, and Magalis filed a motion to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. [Doc. 16]. The motion is currently pending before the Court. Should the Court deny the motion, Defendants will answer Count II.

## COUNT III
### (Wrongful Termination Against Magalis)

On March 29, 2019, Defendants Rauner, Blankenhorn, and Magalis filed a motion to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. [Doc. 16]. The motion is currently pending before the Court. Should the Court deny the motion, Defendants will answer Count II.

## COUNT IV
### (Wrongful Termination Against Blankenhorn)

On March 29, 2019, Defendants Rauner, Blankenhorn, and Magalis filed a motion to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. [Doc. 16]. The motion is currently pending before the Court. Should the Court deny the motion, Defendants will answer Count II.

## JURY DEMAND

**Defendant demands a trial by jury.**

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

2. Plaintiff's claims for injunctive relief are barred by the Eleventh Amendment because Defendant's actions did not violate Plaintiff's constitutional rights, and so there is no ongoing constitutional violation for which Plaintiff may receive injunctive relief.

   3. All claims against Defendant filed more than two years from the date of accrual are barred by the statute of limitations.

   WHEREFORE, Defendant requests the Court deny Plaintiff's requested relief and enter judgment for Defendant.

              Respectfully submitted,

              BRUCE HARMENING,

                Defendant,

              KWAME RAOUL, Illinois Attorney General,

Anupama Paruchuri, #6302715
Assistant Attorney General       Attorney for Defendant,
500 South Second Street
Springfield, Illinois 62701
(217) 557-7081 Phone         By: s/Anupama Paruchuri
(217) 782-8767 Fax           ANUPAMA PARUCHURI
aparuchuri@atg.state.il.us        Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| SHELLY SHEVLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUCE RAUNER, RANDALL )<br>BLANKENHORN, BRUCE HARMENING, )<br>MATTMAGALIS, and ILLINOIS )<br>DEPARTMENT OF TRANSPORTATION, )<br>)<br>Defendants. ) | No.   18-2076 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, the foregoing document, *Defendant Harmening's Answer to Plaintiff's Amended Complaint*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Ronald J. Abernathy:         rjabernathy@abernathyfirm.com

Respectfully Submitted,

  s/Anupama Paruchuri
Anupama Paruchuri, #6302715
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois   62701
(217) 557-7081 Phone
(217) 782-8767 Fax
E-Mail:   aparuchuri@atg.state.il.us