## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHELLY SHEVLIN,

      Plaintiff,

v.

BRUCE RAUNER, RANDALL
BLACKENHORN, BRUCE
HARMENING, and MATT MAGALIS,

      Defendants.[1]

Case No. 3:18-CV-02076-NJR-RJD

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motion to dismiss filed by Defendants Randall Blankenhorn, Matt Magalis, and Bruce Rauner (Doc. 16). For the following reasons, the motion is denied.

### Factual and Procedural Background

On September 17, 2018, Shevlin filed a one-count complaint in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging she was wrongfully terminated from her position with the Illinois Department of Transportation ("IDOT"), in violation of state and federal law (*See* Doc. 1). On November 14, 2018, Defendants removed the case to this Court, which has federal question jurisdiction over the federal

---

[1] The Clerk of Court is DIRECTED to change Defendant Randall Blackenhorn's last name from "Blackenhorn" to "Blankenhorn" on the docket sheet, to reflect the accurate spelling as set forth in the motion to dismiss (Doc. 16).

claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (*Id.*). On March 1, 2019, the Court dismissed several of Shevlin's claims without prejudice under Federal Rule of Civil Procedure 12(b)(6) (Doc. 13). The Court found Shevlin failed to adequately allege how Blankenhorn, Magalis, and Rauner—who did not personally fire Shevlin—could be held liable for her termination (*See Id.*).

Shevlin filed an amended complaint on March 15, 2019, pursuant to 42 U.S.C. § 1983 ("Section 1983") and Illinois state law, re-asserting wrongful termination claims against Harmening (Count 1), Rauner (Count 2), Magalis (Count 3), and Blankenhorn (Count 4) in their individual and official capacities (Doc. 14). According to the amended complaint, Shevlin was employed with IDOT as a human resources manager from February 2008, until her termination in September 2016 (*Id.* at p. 3). Shevlin alleges that Harmening, who was the Bureau Chief and/or the Investigations and Compliance Chief for IDOT, terminated her because of her affiliation with the Democratic Party, based on false accusations he fabricated against her (*Id.* at pp. 3-6). Shevlin states she rebutted the allegations but was still fired, while a co-worker who affiliated with the Republican Party received a 30-day suspension for similar allegations (*Id.* at p. 5). Shevlin states Harmen acted at the instruction of Rauner, who was the Governor of Illinois at the time and a member of the Republican Party (*Id.* at pp. 5-6). Shevlin's termination was allegedly part of Rauner's scheme to purge IDOT of employees hired under former democratic governors (*Id.*). Blankenhorn, the Secretary of Transportation of the State of Illinois, and Magalis, the Chief of Staff for IDOT, allegedly helped Rauner carry out the scheme (*Id.* at

pp. 8-9).

On March 29, 2019, Blankenhorn, Magalis, and Rauner filed a motion to dismiss Counts 2, 3, and 4 of the amended complaint under Rule 12(b)(6) (Doc. 16). They argue the amended complaint still fails to allege enough factual allegations against them to satisfy the federal pleading standards.

## DISCUSSION

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Blankenhorn, Magalis, and Rauner argue the amended complaint fails to allege sufficient facts to show they were personally involved in Shevlin's termination. To bring a Section 1983 claim against someone in their individual capacity, a plaintiff must allege some personal participation in the alleged deprivation of constitutional rights. *Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir. 1985). "An official satisfies the personal responsibility requirement of [S]ection 1983 . . . if the conduct causing the constitutional

deprivation occurs at [his] direction or with [his] knowledge and consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). That is, the defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

In this case, Shevlin alleges Rauner showed animus toward his Democratic opponents throughout his campaign for governor and the entirety of his term; paid particular attention to IDOT employees; set a course to purge IDOT of employees hired by former democratic governors; and enlisted his appointees within IDOT to facilitate his scheme (*Id.* at pp. 6-7). The amended complaint alleges that Magalis and Blankenhorn served as the IDOT Chief of Staff and the IDOT secretary, respectively; were "ostensibly charged with implementing the policy and political goals of Defendant Rauner;" and knew or should have known that their actions in implementing Rauner's scheme were unlawful. To demonstrate Rauner's animosity towards democratic IDOT employees, Shevlin attached a release from Rauner's office to her response to the motion to dismiss (Doc. 21, Ex. 2). [2] The release is dated April 26, 2017, and details Rauner's plan to eliminate IDOT employees who the prior administration "illegally" hired based on political affiliation (*Id.*). [3]

---

[2] Under Rule 12(d), courts cannot refer to extrinsic documents submitted in support of a defendant's motion to dismiss, without converting the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d). But the Seventh Circuit has explained that a plaintiff has more flexibility in opposing a Rule 12(b)(6) motion and "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v City of Chicago*, 675 F.3d 743, 751 n.1 (7th Cir. 2012). Also, courts can take judicial notice of records available on government websites. *See United States v. Dish Network, L.L.C.*, No. 09-3073, 2015 WL 9481571, at *3 (C.D. Ill. Dec. 7, 2015) (and cases cited therein). Thus, the Court may consider the release when ruling on Defendants' motion to dismiss.

[3] The release is available at https://www2.illinois.gov/Pages/news-item.aspx?ReleaseID=14151.

When viewing these allegations in the light most favorable to Shevlin, a reasonable inference can be drawn that her termination occurred at Defendants' direction and/or with their consent. Rauner was outspoken about his plan to terminate certain IDOT employees who were hired under former democratic administrations. Also, it is reasonable to infer, for purposes of this motion to dismiss, that Rauner's higher-up appointees at IDOT assisted him in carrying out his plan. All that is required under Rule 12(b)(6) is "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Shevlin has met this burden. Thus, the motion to dismiss, filed by Blankenhorn, Magalis, and Rauner (Doc. 16) is **DENIED.**

IT IS SO ORDERED.

DATED:  July 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**